**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HELEN C. GOLDMAN, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :  CIVIL ACTION NO. |
| | :  1:09-CV-3337-RWS |
| AURORA LOAN SERVICES, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | : |
| | : |
|     Defendants. | : |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Injunction and Temporary Restraining Order [2] and Defendants' Motion to Dismiss [5]. After considering the record, the Court enters the following order.

**Background**

This case arises out of Plaintiff's March 4, 2004 refinancing of the property located at 6476 Bellevue Drive, S.W., Conyers, Georgia 30094. Plaintiff "is an elderly, financially unsophisticated woman, who relied on the broker, the lender, and the closing attorney to deal fairly and honestly with her and to get her the best possible loan." (Dkt. [1] at ¶ 22).  Plaintiff asserts that

she was solicited by agents for Source Financial, a mortgage broker, to apply for an adjustable rate, no document, loan with Aegis Wholesale Corporation, the original lender.  (Id. at ¶ 14).  She alleges that the Good Faith Estimate and Truth in Lending disclosures provided to her by Source Financial did not disclose that she was being charged "thousands of dollars in hidden yield spread premiums, higher interest rates, and higher loan costs than her credit score warranted."  (Id. at ¶ 16).  Plaintiff alleges that she was a victim of predatory lending and that an adjustable-rate, interest-only, loan was not appropriate for her.  (Id. at ¶¶ 23, 24). In addition to a loan inappropriate for her credit score, Plaintiff also alleges that "Defendants'" appraisal overvalued her home by approximately $125,000.  (Id. at ¶ 27).

Plaintiff alleges that she was not given the HUD Settlement Statement or Truth In Lending statement sufficiently prior to closing, and when at closing Plaintiff questioned the accuracy of some of her financial information that appeared on closing documents, the closing attorney just gave her more documents and told her to sign them.  (Id. at ¶¶ 18, 20, 25).  Plaintiff asserts that because of "Defendants' failure" to provide Truth in Lending disclosures as required, she was entitled to rescind the loan and exercised her right to do so, but Defendants failed to take actions to respond appropriately to the rescission

notice. (Id. at ¶¶ 33-35). Rather, on October 2, 2009, Plaintiff received a letter and a Notice of Foreclosure Sale. (Id. at ¶ 37, Dkt. [1-8]). The letter listed Defendant Aurora as the loan servicer and Defendant MERS as the creditor. (Id.). Neither Defendant was an original party to Plaintiff's refinancing.

On October 13, 2009, Plaintiff asserts that she sent a qualified written request ("QWR") to Aurora requesting a copy of the original note, any allonges, assignments of security deed, and a copy of Aurora's proof of right to service the loan, but Aurora failed to timely respond. (Id. at ¶ 39). Plaintiff asserts that neither Aurora nor MERS is listed on the allonge, that it is undated, and is signed by an individual who did not hold the position at the original lender that is asserted on the allonge. (Id. at ¶¶ 42-44).

Plaintiff asserts that while Aurora claims to be the servicer, there is no indication as to who it is serving the loan for. (Id. at ¶ 45). MERS is not a lender and does not hold the note, but is rather the nominee for the original lender, Aegis, and does not have the right to foreclose, claims Plaintiff. Based upon these allegations, Plaintiff asserts causes of action for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. (Counts I, II), the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Count III), the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-

3

2-390 *et seq.* (Count V), the Unfair or Deceptive Practices Toward the Elderly Act ("UDPTA"), O.C.G.A. § 10-1-850 *et seq.* (Count VI), and for fraud and fraud in the inducement (Count IV), and seeks punitive damages (Count VII) in addition to other relief.

## Discussion

### I.      Defendants' Motion to Dismiss [5]

As an initial matter, Plaintiff in its Response [12] failed to address Defendants' arguments as to its FBPA and UDPTE claim.  Failure to respond to the motion as to these counts, indicates that there is no opposition to their dismissal.  See LR 7.1(B), N.D. Ga.  Therefore, Counts V and VI are **DISMISSED**.

In general, Defendants argue that the "wrongdoers" identified by Plaintiff's Complaint-the original lender Aegis, the broker Source Financial, the closing attorney, and the appraiser-are not parties to this action.  Further, Defendants argue that the Complaint constitutes a shotgun pleading and should be dismissed for that reason.  The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief. Strategic v. Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293 (11th Cir. 2002).  By definition, a shotgun pleading is one that "contains several counts,

4

each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Id. at 1295 n.9.  As a result, it is oftentimes difficult to discern which allegations of fact correspond to which defendant or claim for relief.  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

As to certain factual allegations and causes of action, Plaintiff does fail to distinguish which Defendant it is actually alleging is responsible for the wrongful act.  In other places the Plaintiff's use of the term "Defendants" appears to refer to Aegis, Source Financial, and others not a party to this action.  In some cases the appropriate response to a plaintiff's shotgun pleading is to allow them to amend the complaint to provide greater specificity.  However, the Court will go forward with a consideration of the merits of Plaintiff's Complaint, because if Plaintiff were to specify which Defendant conducted what action and still could not state a claim as a matter of law, amending the Complaint would be futile.

### A.     Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.  The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

6

B.      Plaintiffs TILA Rescission Claim (Count I)

Plaintiffs TILA rescission claim is barred by the three-year statute of limitations applicable to rescission based upon "nondisclosure." See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . ."). Further, the doctrine of equitable tolling is not applicable to a TILA rescission claim. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L. Ed. 2d 566 (1998) ("Section 1635(f) completely extinguishes the right of rescission at the end of the 3-year period").

The closing of Plaintiff's refinanced home loan occurred on March 4, 2004. Plaintiff did not file this action until November 25, 2009. Therefore, Plaintiffs TILA rescission claim is barred by 15 U.S.C. § 1635. Count I of Plaintiff's Complaint fails to state a claim as a matter of law and is **DISMISSED**.

C.      Plaintiff's TILA Disclosure Claim in Recoupment (Count II)

Plaintiff seeks to assert a TILA rescission claim in recoupment material to rescission. In order to qualify as recoupment, "the cause of action must be

7

asserted defensively," in an action that is timely. Smith v. Am. Fin. Sys., Inc., 737 F.2d 1549, 1554 (11th Cir. 1984). The Court in Smith noted that the plaintiff in that case brought the defendant into court seeking monetary damages and rescission and thus was an action for affirmative relief in which plaintiff could not assert a claim for recoupment. Id. The same is true in this action. See Joseph v. Newport Shores Mortg., 2006 WL 418293, *2 n.1 (N.D. Ga. Feb. 21, 2006).[1] Therefore, Plaintiff's Complaint does not assert a TILA disclosure claim in recoupment. Count II of Plaintiff's Complaint fails to state a claim as a matter of law and is **DISMISSED**.

### D. Plaintiff's RESPA Claims (Count III)

---

[1] In dicta, this Court stated:
Plaintiffs contend that because Georgia permits non-judicial foreclosure proceedings, there is no action on the debt in which they may defensively assert their TILA claims. Plaintiffs do not cite, nor is the Court aware of, any authority supporting their argument that the instigation of non-judicial foreclosure proceedings permits a party to assert TILA claims otherwise barred by the one-year statute of limitations. The Court also notes that, to the extent Georgia law regarding foreclosure proceedings puts Plaintiffs at a procedural disadvantage regarding their TILA claims, Section 1640(e) contemplates that state law may preclude the defensive assertion of TILA claims even where TILA itself does not. See 15 U.S.C. § 1640(e) ("This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, *except as otherwise provided by State law*.") (emphasis added).
Joseph, 2006 WL 418293 at *2 n.1.

8

AO 72A
(Rev.8/82)

Plaintiff's RESPA claims are based upon Aurora's alleged failure to provide notice of the transfer of servicing of Plaintiff's loan and Aurora's failure to respond to a QWR. Defendants assert that Plaintiff's claim under RESPA for lack of notice of the transfer of servicing of the loan to Aurora is barred by RESPA's three-year statute of limitations. 12 U.S.C. § 2614. Defendants have attached to their Motion [5] a copy of the letter sent to Plaintiff on April 6, 2004 notifying her that servicing of her loan was being transferred from Aegis to Aurora effective May 1, 2004. (Dkt. [5-2] at 42 of 69). This action was not filed until November 2009, well outside of the three-year limitations period. Plaintiff argues that she should be entitled to equitable tolling of the statute of limitations.

"In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002). The burden of establishing entitlement to the remedy of equitable tolling rests with the petitioner. Justice v. United States, 6 F.3d 1474, 1479 (11th Cir.1993). Assuming that equitable tolling applies to RESPA

claims,[2] Plaintiff has not presented evidence to show the doctrine should apply in this instance. Even assuming that Plaintiff never received Aurora's April 2004 letter, it cannot be argued that discovery of the transfer of the servicing was beyond the Plaintiff's control when she was making her loan payments to Aurora for more than four years. Therefore Plaintiff's RESPA claim for failure of notice fails as a matter of law.

The second basis for Plaintiff's RESPA claim is that Defendant Aurora failed to respond to the QWR she sent to Aurora on October 13, 2009. RESPA mandates that if a servicer of a federally related mortgage loan receives a QWR from the borrower for information relating to the servicing of such loan, the servicer shall acknowledge receipt within 20 days and take any necessary action within 60 days. 12 U.S.C. §§ 2605(e)(1)(A), (e)(2). A QWR is written correspondence that "includes a statement of the reasons for the belief of the

---

[2] The Eleventh Circuit has noted that:
there appears to be a circuit split regarding whether equitable tolling applies to RESPA claims. Compare, Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1041 (D.C. Cir. 1986) (holding that RESPA is not subject to equitable tolling), with Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1166-1167 (7th Cir. 1997) (applying equitable tolling to RESPA). This circuit has not addressed the issue directly, but acknowledged the potential application of equitable tolling to RESPA actions. See Pedraza v. United Guar. Corp., 313 F.3d 1323 (11th Cir. 2002).
McCarley v. KPMG Intern., 293 Fed. Appx. 719, 723 n.1 (11th Cir. 2008).

borrower, to the extent applicable, that the account is in error *or* provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii) (emphasis added). Plaintiff's asserted QWR [1-9] is entitled a "Debt Validation Notice" pursuant to the Fair Debt Collection Practices Act. Defendants assert that Plaintiff's letter, is "by its own terms, not a QWR under RESPA." (Dkt. [5-1] at 14 (emphasis omitted)). However, Defendants' argument neglects the actual contents of the letter, which *inter alia*, states:

> Please provide a payment history for the life of the alleged dept [*sic*], per the provisions of the Truth in Lending Act, and RESPA, as this communication is considered a "Qualified Written Request."
>
> Note: This is the 2nd Qualified Request for this information, leaving Aurora Loan Services, currently in violation of Federal Law, as the information was not received within the specified time constraints of the law.

(Dkt. [1-9] at ¶ 8). Defendants allege that Plaintiff's letter was not a QWR because it did not set forth any reasons for why the account was in error, but Defendants fail to recognize that the definition of a QWR is disjunctive and also "includes a statement . . . [that] provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). Accepting Plaintiff's assertion of facts in her Complaint [1]

11

as true, and construing the reasonable inferences therefrom in the light most favorable to Plaintiff, the Court cannot say that Plaintiff has failed as a matter of law to assert a RESPA violation.  Further, Count III of Plaintiff's Complaint makes it clear that the alleged violation was committed by Aurora and specifies the conduct that constitutes the violation.

Defendants' Motion to Dismiss [5] Count III is **GRANTED** as to Plaintiff's RESPA claim based upon notice of transfer of loan servicing and is **DENIED** as to Plaintiff's RESPA claim for failure to respond to a QWR.

E.     Plaintiff's Claims of Fraud (Count IV)

Plaintiff asserts that she "alleged facts showing that Defendants engaged in fraudulent acts by deceptively convincing Plaintiff that it was in her benefit to apply for a high-risk loan, by misrepresenting the true cost of the loan to the Plaintiff, by listing Plaintiff's income and assets as more than they were, and by providing an inflated appraisal." (Dkt. [12] at 9).  The acts Plaintiff alleges as the basis of her fraud claim were undertaken by Aegis, SourceFinancial, the appraiser, and the closing attorney.  None of these individuals are a party to the action.  Plaintiff asserts that "[s]ince MERS claims to be the creditor, it is liable to Plaintiff for the acts and omissions of the original lender, Aegis." (Dkt. [12] at 5).  Even assuming this is true, Plaintiff's allegations of fraud lump both

12

Aurora and MERS together as "Defendants," and does not clarify which specific representations were made by either Aurora or MERS. In alleging fraud, "a party must state with particularity the circumstances constituting the fraud . . . ." Fed. R. Civ. P. 9(b). A complaint that is "devoid of specific allegations with respect to each defendant" fails to meet the particularity standard of Rule 9(b). Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (citation omitted). "In a case involving multiple defendants the complaint should inform each defendant of the nature of his alleged participation in the fraud." Id. (citation omitted).

Plaintiff's allegations that lump the Defendants together are not sufficient to meet the particularity requirements of Rule 9(b). (Dkt. [1] at ¶¶ 67-76). Because the Court finds that Plaintiff should be afforded an opportunity to amend her Complaint before the fraud claims are dismissed, Defendants' Motion to Dismiss [5] as to Count IV of Plaintiff's Complaint, is **DENIED, with a right to renew**. If Plaintiff wishes to file an amended complaint with respect to her claims of fraud, she must do so within 14 days of the date of this Order. Following Plaintiff's filing of an amended complaint or if Plaintiff chooses not to file an amended complaint, expiration of the 14 days, Defendants may renew their motion to dismiss Plaintiff's fraud claims.

13

Plaintiff's request for punitive damages is based upon her allegations of fraud and fraud in the inducement.  Therefore, Defendants' Motion to Dismiss Count VII of Plaintiff's Complaint is **DENIED, with right to renew**, as well.

## II.  Plaintiff's Motion for Injunction and Temporary Restraining Order [2]

It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy[.]"  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).  First, as discussed above, Plaintiff's RESPA QWR claim may be the only claim on which Plaintiff's has a substantial likelihood of success.  Second, "Aurora has placed a 'litigation hold' on foreclosure proceedings pending resolution of the issues presented in this litigation." (Dkt. [6] at 10).  Since Defendants have represented to the Court that they will not foreclose upon Plaintiff's home until the resolution of this action, Plaintiff will

14

not suffer any irreparable harm absent an injunction.  Therefore, Plaintiff's

Motion for Injunction and Temporary Restraining Order [2] is **DENIED**.

## Conclusion

For the aforementioned reasons, Defendants' Motion to Dismiss [5] is **GRANTED**, **in part**, and **DENIED**, **in part** and Plaintiff's Motion for Injunction and Temporary Restraining Order [2] is **DENIED**.  Plaintiff's TILA claims (Counts I and II), RESPA claim based upon failure of notice, FBPA claim (Count V), and UDPTE claim (Count VI) are **DISMISSED**.  Plaintiff has, as a matter of law, stated a claim for violation of RESPA with regard to the QWR.  The Motion to Dismiss [5] is **DENIED, with right to renew** as to Plaintiff's claims of fraud and fraud in the inducement (Count IV) and request for punitive damages (Count VII) until Plaintiff has had an opportunity to state her fraud claims with greater particularity.  Plaintiff shall have 14 days from the date of this Order to amend her complaint if she so chooses.  Following an amendment or the end of the 14-day period, Defendants may renew their motion to dismiss as to Plaintiff's claims of fraud and request for punitive damages.

**SO ORDERED**, this   24th   day of September, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

16