# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

HELEN C. GOLDMAN, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:09-CV-03337-RWS
AURORA LOAN SERVICES, :
LLC, :
:
    Defendant. :

## **ORDER**

This case comes before the Court on Plaintiff Helen C. Goldman's ("Plaintiff") Motion for Summary Judgment[1] [47] and Defendant Aurora Loan Services, LLC's ("Aurora") Motion to Dismiss or for Summary Judgment [50]. After reviewing the record, the Court enters the following Order.

## **Background**

This case arises out of Plaintiff's March 4, 2004 refinancing of a loan secured by real property located at 6476 Bellevue Drive, S.W. in Conyers, Georgia. Plaintiff initiated this action on November 25, 2009. (Compl. for Damages ("Compl."), Dkt. [1].) The original Complaint named two defendants:

---

[1] The caption of Plaintiff's submission is "Pro Se Plaintiff's Response and Motion for Summary Judgment." (Dkt. [47].)

Aurora and Mortgage Electronic Registration Systems, Inc. ("MERS") and purported to assert causes of action for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Counts I, II); the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Count III); the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-2-390 *et seq.* (Count V); the Unfair or Deceptive Practices Toward the Elderly Act ("UDPTEA"), O.C.G.A. § 10-1-850 *et seq.* (Count VI); and for fraud and fraud in the inducement (Count IV). (See generally id.) The original Complaint sought punitive damages (Count VII) in addition to other relief.

Defendants Aurora and MERS moved to dismiss the original Complaint on December 21, 2009 for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. [5].) The Court granted Defendants' motion with respect to Plaintiff's TILA claims (Counts I and II), FBPA claim (Count V), and UDPTEA claim (Count VI). (Order, Dkt. [17] at 15.) The Court granted the motion in part with respect to Plaintiff's RESPA claim (Count III), but denied it to the extent the RESPA claim was based on allegations pertaining to a qualified written report ("QWR"). (Id.) Finally, the Court denied the motion—with right to renew—as to Plaintiff's claims for fraud and fraud in the inducement (Count IV) and for

2

punitive damages (Count VII). (Id.) With respect to the latter ruling, the Court granted Plaintiff fourteen days to replead her claims for fraud with the particularity required by Rule 9(b); the Court also permitted Defendants to renew their Motion to Dismiss following any amendment by Plaintiff or expiration of the fourteen days. (Id.)

On October 8, 2010, Plaintiff filed an Amended Complaint for Damages ("Amended Complaint"). (Dkt. [19].) On October 22, 2010, Defendants filed a Renewed Motion to Dismiss. (Dkt. [20].) The Court subsequently entered an Order dismissing all of Plaintiff's remaining claims except her Count III claim against Aurora under RESPA's QWR provision. (Dkt. [27].) Accordingly, this is the only claim remaining in the case.

On March 5, 2012, Plaintiff moved the Court to stay the case to allow her to obtain competent counsel. (See generally Dkt. [39].) Shortly thereafter, Aurora moved the Court for leave to file a motion to compel, arguing that even after granting Plaintiff extensions of time, Plaintiff had failed to respond in a meaningful fashion to Defendant's First Discovery Requests. (See generally Def.'s Motion for Leave to File Its Motion to Compel Resps. to Def.'s Discovery Requests ("Motion for Leave to File Motion to Compel"), Dkt. [42].) By Order dated May 9, 2012, the Court granted Plaintiff a fourteen day stay to

3

enable her to obtain counsel. (Dkt. [43] at 2.) In the same Order, the Court conditionally denied Aurora's Motion for Leave to File Motion to Compel, pending the fourteen day stay. (Id. at 3.) The Court granted Aurora leave to file a motion to compel, however, in the event Plaintiff failed to obtain counsel after the stay. (Dkt. [43] at 3.)

Accordingly, after Plaintiff failed to obtain counsel, Aurora filed its Motion to Compel Plaintiff's Responses to Discovery Requests ("Motion to Compel"). (Dkt. [44].) By Order dated July 20, 2012, the Court granted Aurora's motion and ordered Plaintiff to provide complete responses to Defendant's First Discovery Requests within thirty days. (Order, Dkt. [48] at 1.) The Order warned, "Failure of Plaintiff to provide complete responses to the discovery may result in sanctions, including dismissal of this action." (Id. at 2.) Despite this Order, Plaintiff has failed to respond to Aurora's discovery requests.

## Discussion

**I. Defendant's Motion to Dismiss or for Summary Judgment [50]**

Aurora moves the Court to dismiss this action with prejudice[2] under Rule

---

[2] In the alternative, Aurora moves the Court for summary judgment. (Dkt. [50].)

4

41(b) due to Plaintiff's failure to comply with this Court's Order requiring Plaintiff to respond to Aurora's discovery requests. (See Mem. in Supp. of Def.'s Mot. to Dismiss or for Summ. J. ("Def.'s Mem."), Dkt. [50-1] at 1-5.) Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also LR 41.3(B), NDGa (permitting the Court to dismiss a civil case for want of prosecution if the plaintiff "fail[s] or refuse[s] to obey a lawful order of the court in the case"). Rule 41(b) further provides that "[u]nless the dismissal order states otherwise, a dismissal under [the Rule] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). In light of the severity of this sanction, the Eleventh Circuit has held that a court should not dismiss an action with prejudice under this Rule unless the court finds "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005).

The Court finds this standard satisfied in this case. As explained in the Background section, supra, the Court ordered Plaintiff to provide complete responses to Aurora's discovery requests within thirty days of July 20, 2012. Despite this directive, Plaintiff has failed to so respond. In light of this failure

5

to abide by this Court's lawful Order, and given the Court's finding—based on the facts of this record —that lesser sanctions would not suffice to correct such conduct, the Court finds this action due to be dismissed under Rule 41(b).[3] Accordingly, Defendant's Motion to Dismiss [50] is **GRANTED**. Defendant's alternative Motion for Summary Judgment [50] is **DENIED as moot**.

II.     Plaintiff's Motion for Summary Judgement [47]

In light of the Court's ruling in Part I, supra, dismissing Plaintiff's sole remaining claim, Plaintiff's Motion for Summary Judgment is due to be **DENIED** as moot.[4]

## CONCLUSION

Defendant's Motion to Dismiss [50] is **GRANTED** and alternative Motion for Summary Judgment [50] **DENIED as moot**. Plaintiff's Motion for Summary Judgment [47] is **DENIED as moot**. The Clerk is **DIRECTED** to enter judgment in Defendant's favor and to close the case.

---

[3] The Court recognizes that a dismissal with prejudice is a harsh sanction. However, in light of the Court's findings stated above, and the fact that Aurora has filed what appears to be a meritorious motion for summary judgment (to which Plaintiff has failed to file any response), the Court finds a dismissal with prejudice warranted.

[4] The Court notes that Plaintiff's Motion for Summary Judgment could be denied on the merits given Plaintiff's failure to put forward any evidence or argument to support her only remaining claim in the case.

6

**SO ORDERED**, this  13th  day of November, 2012.

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)